IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MAIER | : |
| V. | : |
| BUCKS COUNTY | : |
| CHRISTOPHER PIROLLI | : |
| PAUL LAGANA | : |
| KEVIN ROUSSET | : |
| C/O MCGILLOWAY | : |
| C/O PLANTIER | : |
| PRIMECARE MEDICAL, INC. | : |
| VICTORIA GESSNER, MD | : |
| JENNIFER ACKER, RN | : |
| E. RIDDICK, RN | : |
| JOHN AND JANE DOES I-X | : |

## COMPLAINT

AND NOW, comes Plaintiff, Michael Maier, by and through his Counsel, Comerford Law, who files this Complaint, averring as follows:

### Jurisdiction

1. This is a civil action seeking damages and injunctive relief against Defendants for acts constituting the deprivation of Plaintiff's rights secured under the 8th and 14th Amendments to the United States Constitution, under Federal Law 42

U.S.C. § 1983, providing for cause of action, and under Pennsylvania State Law.

2. While Plaintiff was subjected to pre-trial and post-trial detention in the Bucks County Correctional System, Defendants, acting individually and/or in concert, willfully, callously, recklessly, with gross negligence, and with deliberate indifference, acted and/or failed to act, under the Color of State Law, in a manner which proximately caused the violation of Plaintiff's right to be free from cruel and unusual punishment and right to procedural due process under 42 U.S.C. § 1983, and the 8th and 14th Amendments to the United States Constitution.

3. Original Federal Jurisdiction and Supplemental Jurisdiction over State Law claims are established under 28 U.S.C. §§ 1331, 1343, and 1367, under 42 U.S.C. § 1983.

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because the factual basis for all claims stated herein occurred in the Eastern District and because Plaintiff and Defendants reside in and/or maintain their principle places of business in the Eastern District.

**Parties**

5. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

6. Plaintiff, Michael Maier, is an adult, competent individual who currently resides in Bucks County, Pennsylvania.

7. Defendant, Bucks County ("Defendant County"), is a municipality organized by and through the Commonwealth of Pennsylvania that regulates and implements customs, policies, and practices, and that directs, manages, and controls the customs, policies, practices, and employees of Bucks County Community Corrections Centers. At all relevant times, Defendant County was acting under the Color of State Law.

8. Individual Defendant, Christopher Pirolli ("Defendant Pirolli"), is an employee of Bucks County Community Corrections Centers. At all times relevant herein, Defendant Pirolli was employed by and under the command and authority of

Defendant County and was acting under the Color of State Law and pursuant to the custom, policy, or practice of Defendant County. Defendant Pirolli is being sued in his individual, supervisory, policymaking, and all other official capacities as a Bucks County Employee.

9. Individual Defendant, Paul Lagana ("Defendant Lagana"), is an employee of Bucks County Community Corrections Centers. At all times relevant herein, Defendant Lagana was employed by and under the command and authority of Defendant County and was acting under the Color of State Law and pursuant to the custom, policy, or practice of Defendant County. Defendant Lagana is being sued in his individual, supervisory, policymaking, and all other official capacities as a Bucks County Employee.

10. Individual Defendant, Kevin Rousset ("Defendant Rousset"), is an employee of Bucks County Community Corrections Centers. At all times relevant herein, Defendant Rousset was employed by and under the command and authority of Defendant County and was acting under the Color of State Law and pursuant to the custom, policy, or practice of Defendant County. Defendant Rousset is being sued in his individual, supervisory, policymaking, and all other official capacities as a Bucks County Employee.

11. Individual Defendant, C/O McGilloway ("Defendant McGilloway"), first name unknown, is an employee of Bucks County Community Corrections Centers. At all times relevant herein, Defendant McGilloway was employed by and under the command and authority of Defendant County and was acting under the Color of State Law and pursuant to the custom, policy, or practice of Defendant County. Defendant McGilloway is being sued in his individual, supervisory, policymaking, and all other official capacities as a Bucks County Employee.

12. Individual Defendant, C/O Plantier ("Defendant Plantier"), first name unknown, is an employee of Bucks County Community Corrections Centers. At all times relevant herein, Defendant Plantier was employed by and under the command and authority of Defendant County and was acting under the Color of State Law and pursuant to the custom, policy, or practice of Defendant County. Defendant Plaintier is being sued in his individual, supervisory, policymaking, and all other official capacities as a Bucks County Employee.

13. Defendant, Primecare Medical, Inc. ("Defendant Primecare"), is a Business Corporation registered under the laws of the Commonwealth of Pennsylvania.

At all times relevant herein, Defendant Primecare was under contract with Defendant County to provide medical services to inmates in the Bucks County Community Corrections Facilities. At all times relevant herein, Defendant Primecare was acting under the Command and Authority of Defendant County and was acting under the Color of State Law and pursuant to the custom, policy, contract, and/or practice of Defendant County. Defendant Primecare is being sued in its independent capacity as a Pennsylvania Corporation, its supervisory capacity as an employer, and as a policymaker and government actor, acting under Color of State Law.

14. Individual Defendant Victoria Gessner, MD., ("Defendant Gessner"), is a medical doctor, registered under the laws of the Commonwealth of Pennsylvania. Defendant Gessner is an employee of Primecare and provides care in the Bucks County Correctional Facilities. At all times relevant herein, Defendant Gessner was acting under the Command and Authority of Defendant Primecare and was acting under the Color of State Law and pursuant to the custom, policy, contract, and/or practice of Defendant Primecare. Defendant Gessner is being sued in her individual capacity, in her supervisory capacity, and in her official capacity as an employee of Primecare.

15. Individual Defendant Jennifer Acker, R.N., ("Defendant Acker"), is a registered nurse, registered under the laws of the Commonwealth of Pennsylvania. Defendant Acker is an employee of Primecare and provides care in the Bucks County Correctional Facilities. At all times relevant herein, Defendant Acker was acting under the Command and Authority of Defendant Primecare and was acting under the Color of State Law and pursuant to the custom, policy, contract, and/or practice of Defendant Primecare. Defendant Gessner is being sued in her individual capacity and in her official capacity as an employee of Primecare.

16. Individual Defendant E. Riddick, R.N., ("Defendant Riddick"), first name unknown, is a registered nurse, registered under the laws of the Commonwealth of Pennsylvania. Defendant Riddick is an employee of Primecare and provides care in the Bucks County Correctional Facilities. At all times relevant herein, Defendant Riddick was acting under the Command and Authority of Defendant Primecare and was acting under the Color of State Law and pursuant to the custom, policy, contract, and/or practice of Defendant Primecare. Defendant Riddick is being sued in her individual capacity and in her official capacity as an employee of Primecare.

17. Individual Defendants, John/Jane Doe I-X ("John Doe Defendants"), are and/or were employees of Defendants County and Primecare, and under the command and authority of Defendant County and/or Defendant Primecare. At all times relevant herein, John Doe Defendants acted under Color of State Law and pursuant to the custom, policy, or practice of Defendant County and/or Defendant Primecare. John Doe Defendants are being sued in their individual, supervisory, and all other official capacities as employees of Defendant County and/or Defendant Primecare.

**Facts**

18. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

19. In approximate 2000, Plaintiff underwent gender reassignment surgery in Thailand, at which time, Plaintiff's penis was removed and an artificial vagina was installed in its place.

20. Since that time, Plaintiff has not had male or female genitalia.

21. Plaintiff is diagnosed with gender dysphoria.

22. Plaintiff does not currently identify as either gender.

23. Plaintiff was incarcerated by the Bucks County Community Corrections Centers from approximately September 7, 2015, through September 15, 2016.

24. First, Plaintiff was incarcerated in the Female Corrections Center.

25. Second, Plaintiff was incarcerated in the Male Corrections Center.

26. During Plaintiff's entire incarceration in the Bucks County Community Corrections System, whether it be in the Male Center or the Female Center, Plaintiff was held in solitary confinement.

27. Plaintiff was confined in a ten foot by twelve foot cell.

28. The cell had one small window which looked simply upon a wall; Plaintiff could not see anything other than a wall outside of his window.

29. The only things in the cell were a small bed, a toilet, and a sink.

30. There was no desk or no furniture of any other kind in the cell for Plaintiff to utilize.

31. Plaintiff was not allowed sufficient personal items in his cell. At most he was given a book or two.

32. Plaintiff did not even have a mirror in his cell.

33. While in solitary confinement, Plaintiff was on lock down for twenty-three hours per day.

34. Plaintiff was not given adequate access to recreation or other services, which include, but are not limited to, religious services.

35. Plaintiff was given recreation on some days for only a single hour; however, this recreation was limited.

36. For recreation while in the men's facility, Plaintiff was taken outside and placed in an enclosed cage, which was even smaller than his cell.

37. Plaintiff could not meaningfully engage in recreation in this small, confined space.

38. Plaintiff was not provided with access to the gym or any sports courts that other inmates were given access to during recreation.

39. Please was given virtually no opportunity for socialization for a year.

40. In the female facility, Plaintiff was not provided with any recreation whatsoever.

41. Not only was Plaintiff denied access to religious services, but he was also denied a bible.

42. Plaintiff's placement into solitary confinement deprived Plaintiff of his constitutional protection of liberty because his placement in solitary

confinement was an atypical and significant hardship upon Plaintiff in relation to ordinary incidents of prison life.

43. Plaintiff's placement into solitary confinement was instituted by state actors.

44. Plaintiff was not provided with constitutionally adequate process in regards to being placed into solitary confinement.

45. Plaintiff was not provided with notice orally or in writing of any charges against him to warrant placement in solitary confinement.

46. Plaintiff was denied a meaningful opportunity to be heard, an evidentiary review, and/or a hearing in regards to his placement in solitary confinement.

47. Plaintiff was denied period review of his placement in solitary confinement.

48. Plaintiff's placement in solitary confinement was indefinite, and Defendants took no action and had no plan to ever change their policy and remove Plaintiff from solitary confinement.

49. Plaintiff's placement in solitary confinement was not necessary, arbitrary, and without administrative justification.

50. Plaintiff's placement in solitary confinement did not serve a legitimate penal interest.

51. Plaintiff's placement in solitary confinement fell below minimal constitutional standards of decency and did not meet Plaintiff's basic human needs.

52. Plaintiff's placement in solitary confinement was extreme and serious, posing an unreasonable risk to his future health and safety.

53. Plaintiff was not a security risk to warrant solitary confinement.

54. Plaintiff complained of his confinement numerous to Defendant Pirolli, Lagana, Rousset, McGilloway, Plantier, and John Doe who knew of an appreciated the risk of harm to Plaintiff but failed to act to protect him and his constitutional rights.

55. Prior to being incarcerated, Plaintiff was prescribed hormone medication for his diagnosed gender dysphoria.

56. Upon entry into the BCCCS, Primecare denied Plaintiff's request for this medication.

57. During Plaintiff's incarceration, Primecare sent Plaintiff to the Mazzoni Center in Philadelphia to treat Plaintiff's gender dysphoria.

58. The Mazzoni Center specializes in treatment of LGBTQ individuals.

59. Doctors at the Mazzoni Center prescribed Plaintiff hormone medication.

60. Despite the fact that Primecare sent Plaintiff to Mazzoni Center for treatment and that Center prescribed medication to Plaintiff, Primecare refused to provide that medication to Plaintiff upon reentry into BCCCS.

61. Additionally, prior to entry into the BCCCS, Plaintiff required regular use of a medical device – a dilator – in order to keep Plaintiff's artificial vagina functioning properly.

62. Under entry into BCCCS, Primecare refused to provide Plaintiff with this necessary medical device during the entire period of Plaintiff's incarceration.

63. As a result of Primecare's refusal to provide this device, Plaintiff's artificial vagina closed up, and Plaintiff now requires additional surgery.

64. Defendants Gessner, Acker, Riddick, and John Doe, were medical care providers for Plaintiff who failed to provide access to these medicines and devices and failed to intervene when other John Doe Defendants violated Plaintiff's rights.

65. The medically accepted and appropriate treatment for gender dysphoria includes numerous facets, including necessary hormone treatment.

66. There is no alternative treatment to hormone therapy for gender dysphoria.

67. The costs of hormone treatment are comparable to other types of treatment provided by Defendant Primecare to other inmates at the Prison.

68. The medical staff at Primecare, including Defendant Gessner, Defendant Acker, Defendant Riddick, and John Doe Defendants, knew that Plaintiff suffers from gender dysphoria and required hormone treatment and a dilator.

69. Hormone treatment was medically necessary to treat Plaintiff's gender dysphoria, and these Defendants knew that this was medically necessary treatment.

70. These Defendants denied Plaintiff's requests for hormone treatment and a dilator.

71. These Defendants knew Plaintiff was suffering both physically and psychologically due to their failure to provide hormone treatment.

72. The denial of hormone treatment to someone diagnosed with gender dysphoria is a gross departure from accepted medical standards.

73. As a result of being deprived of her hormone medication, Plaintiff has suffered and continues to suffer serious psychiatric and emotional trauma.

74. During his entire time in the Prison Plaintiff's serious medical needs were willfully and deliberately ignored by Defendants, causing the damages complained of herein.

75. Plaintiff suffered from sever psychiatric and emotional trauma as a result of both his placement in solitary confinement and denial of medical treatment.

## Claims for Relief

### Count I

**Municipal Liability and Civil Rights Violations Caused By Policy as to Defendant County, Defendant Pirolli, Defendant Lagana, Defendant Rousset, Defendant McGilloway, Defendant Planiter, John Doe Defendants**

**United States Constitution, Amendments VIII and XIV; Deliberate Indifference to Plaintiff's Right to be Free From Cruel and Unusual Punishment; 42 U.S.C. §§ 1983**

76. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

77. Defendant County, Defendant Pirolli, Defendant Lagana, Defendant Rousset, Defendant McGilloway, Defendant Planiter, and John Doe Defendants ("Municipal Defendant Policy Makers") developed, implemented, approved, maintained, and/or failed to adopt or maintain, a number of customs, policies, and practices with deliberate indifference, which proximately caused a deprivation of Plaintiff's Constitutional Rights.

78. Specifically, Municipal Defendant Policy Makers implemented a policy for the Bucks County Correctional Facilities regarding incarceration of gender nonconforming inmates.

79. Under this policy, gender nonconforming inmates were to be placed in solitary confinement, rather than general population, by virtue only of that fact that they are gender nonconforming.

80. The policy including indefinite detention in solitary confinement to until release from a given facility.

81. This policy including depriving inmates placed in these situations of their basic human rights.

82. To the extent that no written or formal policy was implemented by Municipal Defendant Policy Makers, these Defendants knew of and permitted to exist a culture, procedure, and practice where gender non-conforming inmates were placed in solitary confinement, as described above.

83. The separate and/or conspired acts and/or omission of Municipal Defendant Policy Makers, and failure to supervise and failure to train, made willfully, callously, recklessly, with gross negligence, and/or with deliberate indifference, and made under the Color of State Law, proximately caused and/or facilitated the violations of Plaintiff's rights under the United States Constitution, Amendments VIII and XIV; 42 U.S.C. §§ 1983. Specifically, Plaintiff's Right to Be Free From Cruel and Unusual Punishment was violated.

84. As a direct and proximate cause of the aforementioned acts and omissions of Municipal Defendant Policy Makers, Plaintiff suffered the injuries and damages set forth herein.

## Count II

## Municipal Liability and Civil Rights Violations Caused By Policy as to Defendant Primecare, John Doe Defendants

## United States Constitution, Amendments VIII and XIV; Deliberate Indifference to Plaintiff's Right to be Free From Cruel and Unusual Punishment; 42 U.S.C. §§ 1983

85. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

86. Defendant Primecare and John Doe Defendants developed, implemented, approved, maintained, and/or failed to adopt or maintain, a number of customs, policies, and practices with deliberate indifference, which proximately caused a deprivation of Plaintiff's Constitutional Rights.

87. Specifically, Defendant Primecare and John Doe Defendants instituted a policy, practice, and or custom, and/or was aware of the existence of such practice and custom of its employees, permitted it to continue, under which individuals suffering from gender dysphoria who were incarcerated in the Bucks County Correctional Facilities would not be provided hormone medication to treat gender dysphoria, even if they had been prescribed it coming into the system.

88. Defendant Primecare's policy had no rational medical support or reason.

89. The separate and/or conspired acts and/or omission of Defendant Primecare, and failure to supervise and failure to train, made willfully, callously, recklessly, with gross negligence, and/or with deliberate indifference, and made under the Color of State Law, proximately caused and/or facilitated the violations of Plaintiff's rights under the United States Constitution, Amendments VIII and XIV; 42 U.S.C. §§ 1983. Specifically, Plaintiff's Right to Due Process and Right to Be Free From Cruel and Unusual Punishment, both of which include the right to medical treatment for serous medical needs, were violated.

90. As a direct and proximate cause of the aforementioned acts and omissions of Defendant Policy Makers, Plaintiff suffered the injuries and damages set forth herein.

## Count III

## Municipal Liability and Civil Rights Violations Caused By Policy as to Defendant County, Defendant Pirolli, Defendant Lagana, Defendant Rousset, Defendant McGilloway, Defendant Planiter, John Doe Defendants

## United States Constitution, Amendment XIV; Deliberate Indifference to Plaintiff's Right to Procedural Due Process; 42 U.S.C. §§ 1983

91. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

92. Municipal Defendant Policy Makers developed, implemented, approved, maintained, and/or failed to adopt or maintain, a number of customs, policies, and practices with deliberate indifference, which proximately caused a deprivation of Plaintiff's Constitutional Rights.

93. Specifically, Municipal Defendant Policy Makers implemented a policy for the Bucks County Correctional Facilities regarding incarceration of gender nonconforming inmates.

94. Under this policy, gender nonconforming inmates were to be placed in solitary confinement, rather than general population, by virtue only of that fact that they are gender nonconforming.

95. The policy including indefinite detention in solitary confinement with no notice, hearing, opportunity to be heard, and/or periodic review until release from a given facility.

96. This policy including depriving inmates placed in these situations of their basic human rights.

97. To the extent that no written or formal policy was implemented by Municipal Defendant Policy Makers, these Defendants knew of and permitted to exist a culture, procedure, and practice where gender non-conforming inmates were placed in solitary confinement with no notice, hearing, opportunity to be heard, and/or periodic review, as described above.

98. The separate and/or conspired acts and/or omission of Municipal Defendant Policy Makers, and failure to supervise and failure to train, made willfully,

callously, recklessly, with gross negligence, and/or with deliberate indifference, and made under the Color of State Law, proximately caused and/or facilitated the violations of Plaintiff's rights under the United States Constitution, Amendment XIV; 42 U.S.C. §§ 1983. Specifically, Plaintiff's Right to Procedural Due Process.

99. As a direct and proximate cause of the aforementioned acts and omissions of Municipal Defendant Policy Makers, Plaintiff suffered the injuries and damages set forth herein.

## Count IV

## Individual Violations as to Defendants Pirolli, Lagana, Rousett, McGilloway, Plantier, and John Doe

## United States Constitution, Amendments VIII and XIV; Right to be Free From Cruel and Unusual Punishment; 42 U.S.C. §§ 1983

100. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

101. Defendants Pirolli, Lagana, Rousett, MicGilloway, John Doe, and Plantier's ("Individual Prison Defendants") aforementioned actions and lack of actions, taken under Color of State Law constitutes a violation of the United States Constitution, Amendments VIII and XIV; 42 U.S.C. §§ 1983. Specifically, Plaintiff's Right to Be Free From Cruel and Unusual Punishment.

102. It is clearly established law under the Eighth Amendment and Fourteenth Amendment that a prison cannot deny basic human rights to its inmates, and this includes prohibition of indefinite solitary confinement without penal justification.

103. Defendant placed Individual Prison Defendants on notice of his indefinite placement in solitary confinement with no penal justification.

104. Individual Prison Defendants ignored his requests for help and forced him to remain in solitary confinement.

105. As a direct and proximate cause of the aforementioned acts and omissions, Plaintiff suffered the injuries and damages herein.

### Count V

### Individual Violations as to Defendants Pirolli, Lagana, Rousett, McGilloway, John Doe, and Plantier

### United States Constitution, Amendment XIV; Right to Procedural Due Process; 42 U.S.C. §§ 1983

106. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

107. Individual Prison Defendnats' aforementioned actions and lack of actions, taken under Color of State Law constitutes a violation of the United States Constitution, Amendments XIV; 42 U.S.C. §§ 1983. Specifically, Plaintiff's Right to Procedural Due Process

108. It is clearly established law under the Eighth Amendment and Fourteenth Amendment that a prison cannot deny procedural due process to its inmates, and this includes prohibition of placing an inmate in solitary confinement without notice, hearing, an opportunity to be heard, and/or period review.

109. Defendant placed Individual Prison Defendants on notice of his indefinite placement in solitary confinement without notice, hearing, an opportunity to be heard, and/or period review.

110. Individual Prison Defendants ignored his requests for help and forced him to remain in solitary confinement without review.

111. As a direct and proximate cause of the aforementioned acts and omissions, Plaintiff suffered the injuries and damages herein.

### Count VI

### Individual Violations as to Defendants Gessner, Acker, Riddick, and John Doe

## United States Constitution, Amendment XIV; Right to Be Free From Cruel and Unusual Punishment; 42 U.S.C. §§ 1983

112. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

113. Defendants Gessner, Acker, John Doe, and Riddick's (Individual Medical Defenants") aforementioned actions and lack of actions, taken under Color of State Law constitutes a violation of the United States Constitution, Amendments VIII and XIV; 42 U.S.C. §§ 1983. Specifically, Plaintiff's Right to Be Free From Cruel and Unusual Punishment, which includes the right to medical treatment for serous medical needs, was violated.

114. It is clearly established law under the Eighth Amendment and Fourteenth Amendment that the intentional refusal to provide recognized, accepted, and necessary medical treatment constitutes deliberate indifference.

115. It is further clearly establishes that gender dysphoria is a serious medical need and that hormone treatment is a required treatment for that disorder.

116. It is equally clearly established that failure to intervene in the intentional deprivation of constitutional rights violates these Amendments.

117. Individual Medical Defendants knew of Plaintiff's gender dysphoria diagnosis and artificial vagina.

118. Individual Medical Defendants knew that Plaintiff was prescribed hormones and needed the use of a dilator.

119. Individual Medical Defendants refused to provide Plaintiff with these medications, treatments, and/or devices, which were medically necessary, and/or failed to intervene when they knew Plaintiff was being mistreated on this basis.

120. As a direct and proximate cause of the aforementioned acts and omissions, Plaintiff suffered the injuries and damages herein.

### Jury Demand

121. Plaintiff incorporates by reference all paragraphs of this Complaint, including those preceding and following this averment, as if set forth in full herein.

122. On all counts, facts, and claims asserted herein, Plaintiff demands a trial by jury.

## Prayer for Relief

Wherefore, Plaintiff demands judgment against Defendants on all above counts and specifically requests:

a. A permanent injunction mandating Defendants to immediately provide hormone treatment and all other necessary medical treatment to inmates at the Prison suffering from gender dysphoria.

b. A permanent injunction mandating Defendants to immediately retrofit their facilities and amend policy to provide gender non-conforming inmates with equal access to services in their correctional system and periodic review of solitary confinement.

c. Compensatory Damages in excess of $500,000.00

d. Punitive Damages in excess of $500,000.00

e. Costs of brining suit, interest, and attorney fees

f. Any other relief which the Court determines to be just and appropriate

Respectfully Submitted:

*Comerford Law*

_____
Curt M. Parkins, Esq.
curt@comerfordparkins.com
204 Wyoming Avenue
Scranton, PA 18503
Phone: 570-880-0777
Fax: 570-880-0476