# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL MAIER,** *Plaintiff,* | : : | **CIVIL ACTION** |
| v. | : : | **No. 18-4060** |
| **BUCKS COUNTY, et. al.,** *Defendants.* | : : : | |

## MEMORANDUM

### I. INTRODUCTION

Defendants, Primecare Medical, Inc., Victoria Gessner, M.D., Jennifer Acker, R.N., County of Bucks, Christopher Pirolli, Paul Lagana, Kevin Rousset, C/O McGilloway, and C/O Plantier, file two Motions to Dismiss[1] on the basis that the statute of limitations had run at the time the Complaint was filed. Plaintiff admits the Complaint was filed two days late, but the statute of limitations should be tolled because an Eastern District of Pennsylvania Clerk employee gave Plaintiff's counsel the wrong information.

### II. BACKGROUND

Plaintiff's counsel represents he was approached and retained by Plaintiff on September 10, 2018. ECF No. 18-1 at 2.[2] Plaintiff's counsel was aware that the

---

[1] All the named Defendants, minus Defendants, E. Riddick, R.N. and John/Jane Does I-X, have been served and responded to Plaintiff's Complaint by way of a motion to dismiss. As to Defendants, Riddick and Does I-X, Plaintiff has yet to file an affidavit of service.

[2] ECF No. 18-1 is Plaintiff's Response to Bucks Defendants' Motion to Dismiss. ECF No. 19 is Plaintiff's Response to Primecare Defendants' Motion to Dismiss. Both Responses contain the exact same factual allegations and legal analysis as to the statute of limitations issue.

1

statute of limitations ran on September 15, 2018. *Id.* September 15, 2018 was a Saturday, the last day for filing the Complaint would be Monday, September 17, 2018. *Id.* at 6-7. On September 14, 2018, Plaintiff's counsel represents that he called the Clerk of Court for the Eastern District of Pennsylvania and asked whether the date of proof of mailing a complaint would be the date of filing on the docket.[3] *Id.* at 2-3. Plaintiff's counsel further represents that the Clerk employee who spoke with Plaintiff's counsel, an unidentified male,[4] answered Plaintiff's counsel's question in the affirmative. *Id.* Therefore, Plaintiff's counsel, relying on the unidentified male for legal advice, mailed the Complaint on September 17, 2018 and included the proof mailing. *Id.* Counsel believed the Complaint would be filed and docketed as of September 17, 2018. *Id.*

In relying on this advice, Plaintiff' counsel represents that he did not take the three possible actions that would have guaranteed a timely filing. *Id.* The three opportunities were: 1) file electronically in the District Court for the Middle District of Pennsylvania to preserve the statute of limitations[5]; 2) file in person on Monday, September 17, 2018[6]; or 3) mail the Complaint via overnight delivery on

---

[3] The Eastern District of Pennsylvania does not allow the filing of initial papers in a civil case, such as a complaint, by electronic filing. E.D. Pa. Civ. R. 5.1.2(2)(b).
[4] Counsel indicated at oral argument he did not ask for the name of the unidentified clerk, despite the critical nature of the information being sought.
[5] The Middle District of Pennsylvania allows the filing of initial papers in a civil case, such as a complaint, by electronic filing. M.D. Pa. Standing Order No. 03-1.
[6] Plaintiff's counsel's office is located in Scranton, Pennsylvania.

2

September 15, 2017, so it would be received by the Clerk's office on or before September 17, 2018. *Id.* However, contrary to Plaintiff's counsel's understanding, the Complaint was filed and docketed upon receipt by the Clerk's office on September 19, 2017, two days after the running of the statute of limitations. *Id.*

On December 6, 2018, Defendants, Primecare Medical, Inc., Victoria Gessner, M.D., and Jennifer Acker, R.N. (the "Primecare Defendants"), filed their Motion to Dismiss. The next day, on December 7, 2018, Defendants, the County of Bucks, Christopher Pirolli, Paul Lagana, Kevin Rousset, C/O McGilloway, and C/O Plantier (the "Bucks Defendants"), filed their Motion to Dismiss. Plaintiff filed Responses to both Motions on December 20, 2018. Bucks Defendants filed a Reply on January 4, 2019. On January 8, 2019, this Court heard oral argument on the Motions. Defendants argue that Plaintiff's Complaint should be dismissed because it failed to comply with the statute of limitations. For the reasons set forth below, this Court need only address the statute of limitations argument.[7]

## III. DISCUSSION

1. Motion to Dismiss Standard of Review.

---

[7] The Bucks Defendants, in their Motion to Dismiss, also argue that Plaintiff lacks standing to pursue injunction relief, Plaintiff's claims for damages against the individual Defendants in their individual capacities are barred by the doctrine of qualified immunity, and Plaintiff's request for punitive damages against the County of Bucks and individual Bucks Defendants in their official capacities must be dismissed. ECF No. 10 at ¶¶ 1, 3, and 4.

3

When reviewing a motion to dismiss, the Court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955)). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937).

Finally, courts reviewing the sufficiency of a complaint must engage in a three-step process. First, the court "must 'take note of the elements [the] plaintiff must plead to state a claim.'" *Id.* at 787 (alterations in original) (quoting *Iqbal*, 550 U.S. at 675, 129 S. Ct. 1937). "Second, [the court] should identify allegations

4

that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937). Third, "'[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (alterations in original) (quoting *Iqbal*, 550 U.S. at 679, 129 S. Ct. 1937).

### 2. Statute of Limitations.

Plaintiff's claims are brought under 42 U.S.C. §1983; therefore, the statute of limitations for Plaintiff's claims is based on the personal injury tort law for the Commonwealth of Pennsylvania. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Pennsylvania law has a two year statute of limitations for personal injury actions. 42 Pa. C.S. § 5524(2); *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."). For the actual accrual date, federal law applies. *Kach*, 589 F.3d at 634. "Under federal law, a cause of action accrues, and the statue of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Id.* (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). In the instant matter, it is undisputed that September 17, 2018 was the absolute last day for Plaintiff to file the Complaint and be in compliance with the statute of limitations and Plaintiff's Complaint was filed on September 19, 2018. ECF No. 18-1 at 7.

5

Although Plaintiff admits a failure to file the Complaint before the expiration of the statute of limitations, Plaintiff argues that equitable tolling under federal law applies. However, "[t]he general rule is that state tolling principles also govern § 1983 claims." *Kach*, 589 F.3d at 639. This rule, however, is not absolute and if "state tolling principles contradict federal law or policy, federal tolling principles may apply in certain limited circumstances." *Id.* In *Kach*, the Third Circuit Court of Appeals held that Pennsylvania tolling principles governed there because Pennsylvania tolling principles do not conflict with § 1983. *Id.* at 643. Although the Third Circuit held that Pennsylvania law did not conflict with federal law or policy, the Third Circuit analyzed tolling principles under both Pennsylvania and federal law. *Id.* Here, because Pennsylvania tolling principles do not conflict with § 1983, Pennsylvania tolling principles govern. However, because Plaintiff only argues federal tolling principles, the Court will address both Pennsylvania and federal tolling principles.

  a. <u>Pennsylvania Tolling Principles.</u>

Pennsylvania law recognizes multiple tolling principles. Although, Pennsylvania tolling principles are narrower than federal tolling principles and can only be applied in limited circumstances. Under Pennsylvania law:

> [L]ack of knowledge, mistake or understanding do not toll the running of the statute of limitations. . . . Once the prescribed statutory period

has expired, the party is barred from bringing suit unless it is established that an exception to the general rule applies which acts to toll the running of the statute.

*Communications Network International, Ltd. v. Mullineaux*, 2018 Pa. Super. 126, 187 A.3d 951, 964 (2018) (quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468, 471 (1983)). "Pennsylvania favors strict application of the statutes of limitation." *Id.* at 961. The party asserting the tolling principles bears the burden of proof. *Id.*; *Deek Investment, L.P. v. Murray*, 2017 Pa. Super. 55, 157 A.3d 491, 497 (2017).

Pennsylvania law allows for the application of the discovery rule to toll the statute of limitations. "[T]he discovery rule is an exception to the requirement that a complaining party must file suit within the statutory period." *Communications Network International, Ltd.*, 187 A.3d at 961 (quoting *Meehan v. Archdiocese of Philadelphia*, 870 A.2d 912, 919 (Pa. Super. Ct. 2005)). The discovery rule is applicable where the plaintiff "is reasonably unaware that his or her injury has been caused by another party's conduct." *Gleason v. Borough of Moosic*, 609 Pa. 353, 15 A.3d 479, 484 (2011). If the discovery rule is applicable, the running of the statute of limitations is tolled. *Id.* Here, the discovery rule is not applicable because Plaintiff was clearly aware of the alleged injuries when released from prison on September 15, 2016. Moreover, there is no argument or allegation that

Plaintiff was unaware of the alleged injuries to the extent the discovery rule could plausibly toll the statute of limitations.

A second Pennsylvania tolling principle is equitable estoppel. Equitable estoppel, also known as equitable tolling, "is a statute of limitations when a party, through no fault of its own, is unable to assert its right in a timely manner." *DaimlerChrysler Corp. v. Commonwealth of Pennsylvania*, 885 A.2d 117, 119 n.5 (Pa. Super. Ct. 2005), *aff'd* 592 Pa. 612 (2007). Equitable estoppel tolls the statute of limitations "if the defendant has committed fraud or concealment that 'causes the plaintiff to relax his vigilance or deviate from his right of inquiry' so that the suit is not timely filed." *Howard v. Mendez*, 304 F. Supp. 2d 632, 635 (M.D. Pa. 2004) (quoting *Molineux v. Reed*, 516 Pa. 398, 402, 532 A.2d 792, 794 (1987)); *see also Deek Investment, L.P.*, 157 A.3d at 497. Here, Plaintiff has not argued or pled that Defendants committed any fraud or concealment that caused Plaintiff to miss the statute of limitations. There is also no indication that any of the Defendants' actions prevented Plaintiff from filing the Complaint before the expiration of the statute of limitations. Plaintiff, in fact, was not hindered in any way from asserting the claims in a timely manner. Accordingly, equitable estoppel does not apply in this matter to toll the statute of limitations.

Third, Pennsylvania has enacted statutory tolling principles. These statutory tolling principles include: 1) absence or concealment, 42 Pa. C.S.A. §

5532, infancy, insanity or imprisonment, 42 Pa. C.S.A. § 5533, war, 42 Pa. C.S.A. § 5534, and effect of other actions and proceedings, 42 Pa. C.S.A. § 5535. Absence or concealment does not apply in the instant matter because the cause of action accrued while Plaintiff was located in the Commonwealth of Pennsylvania. *See* 42 Pa. C.S.A. § 5532. Insanity, or imprisonment does not apply, here, because there is no other statute that allows for the application of these principles. *See* 42 Pa. C.S.A. § 5533(a) ("Except as otherwise provided by statute, insanity or imprisonment does not extend the time limited by this subchapter for the commencement of a matter."). Moreover, Plaintiff does not set forth any argument regarding insanity, nor was there any argument that Plaintiff was in prison *after* the imprisonment at issue in this matter. Regarding infancy, this clearly does not apply. The tolling principle regarding war also clearly does not apply. *See* 42 Pa. C.S.A. § 5534. The tolling principle addressing other actions, such as the termination of a prior matter, does not apply because Plaintiff has not argued or pled that there were any related prior matters that were terminated, nor is the Court aware of any such prior matters. *See* 42 Pa. C.S.A. § 5535.

Finally, Pennsylvania's Commonwealth Court and the Third Circuit Court of Appeals, on rare occasions, have used federal tolling principles when addressing whether tolling applied under Pennsylvania law. *See, e.g., McPherson v. U.S.*, 392 Fed. App'x 938, 944 (3d Cir. 2010) (noting that state law tolling principles

9

normally govern a § 1983 claim and analyzed Pennsylvania tolling principles by way of citing to a Pennsylvania case that applied federal tolling principles); *Quest Diagnostics Venture, LLC v. Commonwealth of Pennsylvania*, 119 A.3d 406, 413 n.6 (Pa. Commw. Ct. 2015) (analyzing whether federal equitable tolling principles would apply under the Pennsylvania tax reform code); *Uber v. Slippery Rock Univ. of Pennsylvania*, 887 A.2d 362, 366 (Pa. Commw. Ct. 2005) (analyzing federal equitable tolling for Pennsylvania Human Relations Act claims). To the extent that federal tolling principles can also be applied as Pennsylvania tolling principles, the Court will address them, below.

### b. Federal Tolling Principles.

Even assuming federal tolling principles could be applied in this matter, the Court does not find that federal tolling principles toll the statute of limitations. Federal tolling principles apply if a plaintiff fails to file the complaint before the tolling of the statute of limitations due to "sufficiently inequitable circumstances." *Seitzinger v. Reading Hosp. and Medical Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999). In such a situation, federal equitable tolling may save the complaint from being dismissed for failure to adhere to the statute of limitations. *Id.* Courts may toll the statute of limitations under a § 1983 claim where "the plaintiff 'in some extraordinary way has been prevented from asserting his or her rights.'" *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) (quoting *Robinson v. Dalton*, 107 F.3d

1018, 1022 (3d Cir. 1997)). The Third Circuit Court of Appeals has articulated three federal equitable tolling principles:

> (1) [W]here a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

*Kach*, 589 F.3d at 643 (quoting *Lake*, 232 F.3d at 370 n.9). However, the Third Circuit Court of Appeals approaches equitable tolling "warily, so as to guard against possible misuse." *Seitzinger*, 165 F.3d at 240; *see also Kach*, 589 F.3d at 645 ("the remedy of equitable tolling is extraordinary, and [the Third Circuit Court of Appeals] extend[s] it only sparingly." (internal quotations omitted) (quoting *Santos v. United States*, 559 F.3d 189, 197 (3d Cir. 2009))). Plaintiff has the burden of establishing that equitable tolling applies. *Courtney v. La Salle University*, 124 F.3d 499, 505 (3d Cir. 1997).

In the present matter, Plaintiff failed to file the Complaint before the expiration of the statute of limitations and no federal equitable tolling principle applies. There is nothing extraordinary in the present situation that would allow the Court to apply equitable tolling. The only allegation Plaintiff can point to in support of tolling is the allegation that an unnamed employee in the Clerk's office provided counsel with incorrect information. Even taking as true Plaintiff's contention that an employee provided counsel with incorrect information, that is by

11

no means an extraordinary circumstance that prevented Plaintiff from asserting the claims.

First, Plaintiff's counsel had three options to ensure the Complaint would be timely filed. Instead, Plaintiff chose a fourth option based on the alleged representation of a clerk at a time when counsel knew time was of the absolute essence. Counsel's reliance on the fourth option under these circumstances is extraordinary in the sense that counsel would choose this course given the "time is of the essence" nature of the matter he assumed responsibility for at the outset. Employees in the Clerk's office do not provide attorneys with legal advice or advise attorneys on how they should practice. This Court has specifically stated that "filing by mail is not complete until the complaint is delivered to an officer of the court who is authorized to receive it." *Marty v. Berryhill*, No. 17-3673, 2018 WL 1790343, at *3 (E.D. Pa. April 13, 2018) (Leeson, J.) (internal quotations omitted) (quoting *Wiss v. Weinberger*, 415 F. Supp. 293, 294 n.3 (E.D. Pa. 1976)). Instead of relying on a Clerk employee when time was clearly of the essence, counsel had the responsibility upon taking the case of ensuring filing by hand delivery.

Second, Plaintiff's counsel only provided evidence that he called the Clerk's office on September 14, 2018. There is no proof as to what the conversation entailed or what the Clerk employee specifically told him. Plaintiff's counsel did

12

not get a name. Simply put, there is no way to tell if the Clerk employee provided inaccurate information because he misunderstood Plaintiff's counsel as to the nature of the filing or whether Plaintiff's counsel was not clear in his questioning. Even if Plaintiff's counsel was abundantly clear and the Clerk employee still provided misinformation, Plaintiff's counsel should have been more diligent in ensuring that the Complaint was filed before the expiration of the statute of limitations. For Plaintiff's counsel to now blame an employee in the Clerk's office for his passive conduct, in light of the fact that he had three different options to file the Complaint before the running of the statute of limitations, is not a credible argument to allow the Court to apply equitable tolling. This is not an extraordinary circumstance that prevented Plaintiff from asserting the claims. Therefore, Plaintiff has not carried the burden in demonstrating that equitable tolling may be applied in this matter. The Court cannot allow Plaintiff to rely on federal equitable tolling for Plaintiff's counsel's careless actions.

3. Raising of Statute of Limitations Defense in Rule 12(b)(6) Motion.

Finally, although the expiration of the statute of limitations is an affirmative defense that normally must be pled in a defendant's answer, the Third Circuit Court of Appeals allows a limitations defense to be raised in a Rule 12(b)(6) motion "only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Stephens v. Clash*,

13

796 F.3d 281, 288 (3d Cir. 2015). "Thus, a district court may grant a motion under Rule 12(b)(6) raising a limitations defense 'if the face of the complaint' demonstrates that the plaintiff's claims are untimely." *Id.* (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)). However, "if 'the pleading does not reveal when the limitations period began to run,' then 'the statute of limitations cannot justify Rule 12 dismissal.'" *Id.* (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)).

Here, Plaintiff's Complaint clearly demonstrates that the statute of limitations started to run on September 15, 2016. *See* ECF No. 1 at ¶ 23. Plaintiff was released from prison on September 15, 2016, the statute of limitations ran on September 17, 2018 (as admitted by Plaintiff), and the Complaint was not filed until September 19, 2018. Therefore, because the face of the Complaint clearly demonstrates that Plaintiff failed to adhere to the statute of limitations, it is proper for the Court to consider Defendants' statute of limitations defense in the instant Motions to Dismiss.

## IV. CONCLUSION

For the reasons set forth above, Primecare Defendants' Motion to Dismiss is granted and Bucks Defendants' Motion to Dismiss is granted. Accordingly, Defendants, Primecare Medical, Inc., Victoria Gessner, M.D., Jennifer Acker,

R.N., County of Bucks, Christopher Pirolli, Paul Lagana, Kevin Rousset, C/O McGilloway, and C/O Plantier,[8] are dismissed. Moreover, because it is apparent from the face of Complaint that Plaintiff did not comply with the statute of limitations, Defendants, E. Riddick, R.N. and John/Jane Does I-X,[9] are also dismissed. *See McPherson*, 592 Fed. App'x at 943 ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A."); *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002) ("As a general proposition, sua sponte dismissal is inappropriate *unless* the basis is apparent from the face of the complaint." (emphasis added)); *see also Herrera v. Toth*, 412 Fed. App'x 440, 443 (3d Cir. 2011) (following the holding in *McPherson*, 592 Fed. App'x at 943-44). The Court will issue an order in conjunction with this Memorandum.

BY THE COURT:

Dated: 2-19-2019

CHAD F. KENNEY, JUDGE

---

[8] These Defendants comprise the "Primecare Defendants" and the "Bucks Defendants," all of whom are part of the two Motions to Dismiss that are before the Court.

[9] As noted by the Court earlier, *supra* at 1 n.1, Defendants, E. Riddick, R.N. and John/Jane Does I-X, were never served with the Complaint; therefore, they are not a part of the Motions to Dismiss that are before the Court. However, they are also dismissed from the instant action because the statute of limitations defense is apparent from the face of the Complaint.

15